## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

BRANDON WALLACE,                )
                                )
    Petitioner,                 )
                                )
v.                              )            No. 2:25-cv-03040-SHL-tmp
                                )
UNITED STATES OF AMERICA,       )
                                )
    Respondent.                 )
                                )

## ORDER DISMISSING § 2241 PETITION WITHOUT PREJUDICE
## FOR FAILURE TO PROSECUTE, DENYING A COA, AND DENYING
## LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On November 14, 2025, Petitioner Brandon Wallace, Tennessee Department of Correction ("TDOC") prisoner number 501918, who is incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2241. (ECF No. 2.)   Wallace failed to pay the $5.00 habeas filing fee required by 28 U.S.C. § 1914(a) or submit an application to proceed *in forma pauperis* and a certified copy of his inmate trust fund account statement.

On December 3, 2025, the Court ordered Wallace "to pay the $5.00 habeas filing fee or to submit a properly completed Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240) demonstrating his indigency, and a certified inmate trust fund account statement for the last six months, no later than **thirty days** from the date of entry of this Order." (ECF No. 4 at PageID 21.)   The Court also directed Wallace to file an amended petition on the official form no later than thirty days from the date of the order.   (*Id.*)   The Court warned that if Wallace failed to abide by any "requirement of this Order in a timely manner, the Court may,

without further notice, impose appropriate sanctions, up to and including dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id.*)

Wallace has not: (1) paid the filing fee; (2) submitted the AO 240 and a trust account statement; or (3) filed an amended petition.   Thus, he has failed to comply with the Court's order, and the time to do so has expired.   Accordingly, the § 2241 petition is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.   *See* Fed. R. Civ. P. 41(b).

A district court is required to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b).   The Sixth Circuit has determined that a COA is required to for "all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254."   *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   A COA does not require a showing that the appeal will succeed.   *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).   Courts should not issue a COA as a matter of course.   *Bradley v. Birket*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, Wallace's claims were dismissed for failure to prosecute.   Reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling dismissing the petition for failure to prosecute and for non-compliance with the Court's orders.   Because any

appeal by Wallace on the issues raised in his § 2241 petition does not deserve attention, the Court **DENIES** a COA.

To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5). For the same reasons the Court denies a COA, the Court concludes that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[1]

**IT IS SO ORDERED,** this 21st day of January, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If Wallace files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).